## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY JOHNSON** | **CIVIL ACTION** |
| **V.** | **NO. 16-2458** |
| **RANDY SMITH ET AL.** | **SECTION "L"** |

### ORDER & REASONS

Before the Court is a Motion to Dismiss filed by Defendant JPMorgan Chase Bank, National Association ("Chase"). (R. Doc. 33). Defendants argue that because Plaintiff Betty Johnson fails to state a claim, the case should be dismissed under Fed. R. Civ. P. 12(B)(6).

### I.    BACKGROUND

This case arises out of a foreclosure and resulting sale of Plaintiff Betty Westbrook Johnson's home. After Plaintiff defaulted on her payments, Chase instituted foreclosure proceedings—though only Plaintiff's husband was named in the foreclosure, Plaintiff did receive notice of the proceedings. (R. Doc. 1-1 at 10). Plaintiff and her husband also received notice of a Sheriff's Sale tentatively scheduled for October 21, 2015. *Id*. at 9.

Plaintiff sought a temporary restraining order and/or a preliminary injunction enjoining her eviction.  (R. Docs. 1 and 30). The Court denied the motion on July 21, 2016. (R. Doc. 32). All that remains before this court are Plaintiff's claims for damages against Chase. Chase filed this Motion to Dismiss on September 15, 2016. (R. Doc. 33). Plaintiff did not oppose the motion.

## II.      THE PRESENT MOTION

### A.      Legal Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009). The court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### B.      Analysis

Defendant argues that none of Plaintiffs claims are meritorious. Plaintiff claims she is owed one-half of the appraised value of the Property because she was a co-owner prior to foreclosure. Defendant argues that no law exists to support Plaintiff's claim. (R. Doc. 33-1 at 4). Plaintiff also seeks punitive damages, which are not available unless expressly authorized by Louisiana statute. Defendant avers that no such applicable statute exists. *Id*. at 6-9.

Most importantly, Plaintiff does not oppose Defendant's Motion to Dismiss. Because the Motion to Dismiss is unopposed, the Motion shall be granted.

In its Motion, Defendants also seek that the motion be dismissed at Plaintiff's cost. *Id*. at 1. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." While this Court recognizes that a strong presumption exists in this circuit toward granting costs to the prevailing party, Plaintiff in this case is *pro se* and filed her claim *in forma pauperis*. While a Plaintiff's indigent status is not always a sufficient reason to allow the losing party to avoid costs, there is no evidence in the record that significant costs were assumed by either party nor did Plaintiff abuse the system in any way through her *in forma pauperis* filings. This Court finds the use of its discretion appropriate in this case. Accordingly, the imposition of costs against Plaintiff is not warranted and is therefore denied.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 33) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **GRANTED** as to its request to dismiss the case, and is **DENIED** as to its request for costs.

New Orleans, Louisiana, this 13th day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE